THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FLORIDA HEALTH SCIENCES CENTER, INC. d/b/a )<br>TAMPA GENERAL HOSPITAL )<br>1 Tampa General Circle )<br>Tampa, Florida 33601 )<br>)<br>)<br>      Plaintiff, )<br>) Case No. _____<br>  v. )<br>)<br>XAVIER BECERRA, Secretary, )<br>United States Department of )<br>Health and Human Services, )<br>200 Independence Avenue S.W. )<br>Washington, District of Columbia 20201, )<br>)<br>      Defendant. )<br>_____) | |

**COMPLAINT FOR JUDICIAL REVIEW AND DECLARATORY
RELIEF UNDER THE MEDICARE ACT**

1. This action concerns the unlawful dismissal by Defendant Secretary's Provider Reimbursement Review Board's ("PRRB" or "Board") of the plaintiff hospital's administrative appeal. In that appeal, Plaintiff challenged Defendant's final determination in the June 9, 2023, *Federal Register* ("CMS-1739-F") regarding the proper treatment in the Medicare disproportionate share hospital ("DSH") calculation of days for patients who were enrolled in Medicare Advantage plans under part C of the Medicare statute ("part C days") in the aftermath of the *Allina II* litigation. The Board's dismissal was improper because Plaintiff has met the applicable statutory conditions to appeal under 42 U.S.C. §1395oo(a)(1)(A) by appealing a final determination of the Secretary as to a payment amount under subsection (d) of 42 U.S.C. § 1395ww that is plainly applicable to the cost year at issue. Accordingly, the plaintiff hospital seeks an order declaring invalid and setting aside the Board's jurisdictional dismissal.

## JURISDICTION AND VENUE

2. This action arises under the Medicare Act, Title XVIII of the Social Security Act, 42 U.S.C. § 1395 et seq.

3. Jurisdiction is proper under 42 U.S.C. § 1395oo(f)(l).

4. Venue is proper in this judicial district under 42 U.S.C. § 1395oo(f)(l).

## PARTIES

5. The plaintiff hospital in this action and hospital fiscal year at issue is Florida Health Sciences Center, Inc., d/b/a Tampa General Hospital, Provider No. 10-0128, fiscal year ending September 30, 2008.

6. The defendant is Xavier Becerra, in his official capacity as Secretary of the United States Department of Health and Human Services ("Secretary"), the federal agency that administers the Medicare program. References to the Secretary herein are meant to refer to him, to his subordinates, and to his official predecessors or successors as the context requires.

7. The Centers for Medicare & Medicaid Services ("CMS") is the component of the Secretary's agency with responsibility for day-to-day operation and administration of the Medicare program. CMS was formerly known as the Health Care Financing Administration. References to CMS herein are meant to refer to the agency and its predecessors.

## LEGAL AND REGULATORY BACKGROUND

### Medicare Payment Determinations and Appeals

8. Part A of the Medicare Act covers "inpatient hospital services." 42 U.S.C. § 1395d(a)(l). Since 1983, the Medicare program has paid most hospitals for the operating costs of inpatient hospital services under the prospective payment system ("PPS"). 42 U.S.C. § 1395ww(d); 42 C.F.R. Pt. 412. Under PPS, Medicare pays predetermined, standardized amounts

per discharge, subject to certain payment adjustments. *Id.* One of the PPS payment adjustments is the DSH payment. *See* 42 U.S.C. § 1395ww(d)(5)(F); 42 C.F.R. § 412.106.

9. After the close of each fiscal year, a hospital is required to file a "cost report" with a Medicare Administrative Contractor designated by the agency. 42 C.F.R. §§ 413.20, 413.24.

10. The Medicare Administrative Contractor analyzes a hospital's cost report and issues a year-end determination, called a Notice of Program Reimbursement ("NPR") as to the amount of Medicare program reimbursement due the hospital for services furnished to Medicare patients during the fiscal year covered by the cost report. *See* 42 C.F.R. § 405.1803; *see also In re Medicare Reimbursement Litig.*, 309 F. Supp. 2d 89, 92 (D.D.C. 2004), *aff'd*, 414 F.3d 7 (D.C. Cir. 2005).

11. A hospital may appeal a Medicare Administrative Contractor's determination as to the total amount of Medicare program reimbursement due the hospital for the fiscal year covered by a cost report to the agency's Provider Reimbursement Review Board. *See* 42 U.S.C. § 1395oo(a)(1)(A); 42 C.F.R. §§ 405.1835–405.1877.

12. A hospital has the right to a hearing before the Board if the hospital is dissatisfied with the contractor's final determination in an NPR as to the total amount of program reimbursement due to the hospital for its cost reporting period. 42 U.S.C. § 1395oo(a)(1)(A)(i); *see also* 42 C.F.R. §§ 405.1835; 405.1837. A hospital may also appeal to the Board if it is "dissatisfied with a final determination of the Secretary as to the amount of the payment under subsection… (d) of section 1395ww." 42 U.S.C. § 1395oo(a)(1)(A)(ii); *see* 42 C.F.R. § 405.1835(a)(1). Under this provision of the statute, a hospital "need not wait until an NPR has been issued" to appeal. *Washington Hosp. Ctr. v. Bowen*, 795 F.2d 139, 149 (D.C. Cir. 1986); *see also Cape Cod Hospital v. Sebelius*, 630 F.3d 203, 209 (2011) (finding that an agency may appeal to the Board from issuance of a final Inpatient Prospective Payment System rule). *D.C. Hosp.*

*Ass'n Wage Index Group Appeal, reprinted in* MEDICARE & MEDICAID GUIDE (CCH) ¶41,025 (Jan. 15, 1993).  The statute further requires a minimum amount in controversy and that the appeal be filed timely.  42 U.S.C. § 1395oo(a)(2).

13. Under the regulations, a request for a Board hearing to challenge a final determination of the Secretary under 42 U.S.C. § 1395oo(a)(1)(A)(ii) must include the final determination at issue, an explanation of dissatisfaction, and "any other documentary evidence the provider considers necessary."  42 C.F.R. § 405.1835(b)(1)-(3), (d)(1)-(3).

14. PRRB Rule 7 further provides that "[t]he provider must support the determination being appealed and the basis for its dissatisfaction for each issue under appeal consistent with 42 C.F.R. § 405.1835(b) or (d) as applicable."  PRRB Rule 7 (Dec. 15, 2023).  A provider must identify the appealed period, include a copy of the final determination, identify the date the final determination was issued, and ensure the appeal request is timely filed.  PRRB Rule 7.1.1.  For appeals from a final determination published in the Federal Register, a provider must "[i]dentify the Federal Register citation and provide the applicable pages of the Federal Register."  PRRB Rule 7.1.2.3.

15. A final decision by the Board, including a jurisdictional dismissal, is subject to judicial review. 42 U.S.C. § 1395oo(f)(1); 42 C.F.R. §1877(a).

**Treatment of Part C Days**

16. In a 2004 final rule, CMS first announced it would begin counting part C days in the SSI fraction and to exclude those days from the numerator of the Medicaid fraction.  *See* 69 Fed. Reg. 48,916, 49,099 (Aug. 11, 2004).  That rule was vacated in *Allina Health Servs. v. Sebelius*, 746 F.3d 1102 (D.C. Cir. 2014) ("*Allina I*").  The Supreme Court later affirmed a decision of the D.C. Circuit that the Secretary's continued application of the same standard from the 2004

4

rule in 2012 SSI fractions published in 2014 was procedurally invalid because 42 U.S.C. § 1395hh(a)(2) required the Secretary to engage in notice-and-comment rulemaking to adopt the 2004 standard. *Azar v. Allina Health Servs.*, 139 S. Ct. 1804, 1810-15 (2019), *aff'g*, 863 F.3d 937, 942-45 (D.C. Cir. 2017) ("*Allina II*"). The Supreme Court's decision did not address the D.C. Circuit's alternate ruling that the readopted standard was also invalid under 42 U.S.C. § 1395hh(a)(4) because the Secretary failed to engage in notice-and-comment rulemaking and the standard could not "take effect" under the terms of the statute until after proper notice-and-comment rulemaking. *Id.* at 1816.

17. Nonetheless, more than four years after the Supreme Court's decision, on June 9, 2023, CMS adopted the same standard on part C days (from the vacated 2004 rule and 2012 SSI fractions) retroactively for periods prior to October 1, 2013. *See* 88 Fed. Reg. 37,772, 37,790 (June 9, 2023) ("finalizing our proposal that a patient enrolled in an MA plan remains entitled to benefits under Medicare Part A and will be counted in the Medicare fraction of the DPP and not counted in the numerator of the Medicaid fraction"). In particular, CMS decided to make the regulation adopted effective October 1, 2013, and apply to periods prior to that date. *Id.* at 37,772 (describing rule as "governing the treatment of days associated with beneficiaries enrolled in Medicare Part C for discharges occurring prior to October 1, 2013"). In August 2023, CMS also issued on its website SSI fractions "pursuant to CMS-1739-F using the data it has available to it." CMS, *Disproportionate Share Hospital (DSH)*, https://www.cms.gov/medicare/payment/prospective-payment-systems/acute-inpatientpps/disproportionate-share-hospital-dsh.

## FACTS SPECIFIC TO THIS CASE

18. The plaintiff hospital timely filed an appeal to the Board expressing its dissatisfaction with and challenging as invalid Defendant Secretary's final determination in the

June 9, 2023, *Federal Register* ("CMS-1739-F") to include part C days as Medicare part A-entitled days in the SSI fraction and to exclude them from the Medicaid fraction of hospitals' DSH calculations under section 1395ww(d)(5)(F) of the statute retroactively for periods prior to October 1, 2013, 88 Fed. Reg. at 37,792, including the Provider's 2008 cost reporting period at issue here. The Board assigned the case number 24-0356.

19. The plaintiff hospital asserted, *inter alia*, that the June 9, 2023, "final action" was an appealable final determination under 42 U.S.C. § 1395oo(a)(1)(A)(ii). The plaintiff hospital's appeal included the relevant pages of the Federal Register that contain the Secretary's final determination at issue, 88 Fed. Reg. at 37,772–93, a statement of jurisdiction explaining why the Board had jurisdiction to hear the plaintiff hospital's appeal, an impact calculation demonstrating the financial impact of the Secretary's final determination on the plaintiff hospital's cost year at issue, various certifications, an issue statement asserting the plaintiff hospital's claims, and a letter of representation.

20. By letter dated January 26, 2024, the Board concluded it lacked jurisdiction over the appeal because, the June 9, 2023, Final Rule is not an appealable "final determination" within the context of 42 U.S.C. § 1395oo(a)(1)(A)(ii) and 42 C.F.R. § 405.1835(a), and the appeal failed to meet the requirements of 42 C.F.R. § 405.1835(b) by showing that the June 9, 2023, Final Rule was retroactively applicable to the plaintiff hospital's 2008 cost year. *See* Exhibit A at 12, 19.

21. By the filing of this Complaint, the plaintiff hospital has timely commenced this action for judicial review under 42 U.S.C. § 1395oo(f)(1).

## ASSIGNMENT OF ERRORS

22. The Medicare statute provides for judicial review of the decision below "pursuant to the applicable provisions under chapter 7 of title 5," *i.e.*, the APA. 42 U.S.C. § 1395oo(f)(l).

23. The applicable provisions of the APA provide that the "reviewing court shall . . . hold unlawful and set aside agency action . . . found to be . . . (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; . . . (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (D) without observance of procedure required by law; [or] (E) unsupported by substantial evidence[.]"  5 U.S.C. § 706(2).  Applying this standard, the dismissal is unlawful and must be set aside including for the reasons detailed below.

### Count I:  The Board's Dismissals for Lack of Jurisdiction

24. Plaintiffs repeat the allegations in paragraphs 1–24 of this Complaint as if fully set forth herein.

25. The Board's decision denying jurisdiction over the appeal by Tampa General Hospital, Provider No. 10-0128, for the cost reporting period ending June 30, 2008, from the Secretary's final determination in the June 9, 2023, *Federal Register* ("CMS-1739-F") is invalid and should be set aside because it is arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, and unsupported by substantial evidence.

26. The Board's jurisdictional decision is invalid because it incorrectly concludes that the Secretary's June 9, 2023, rule is not an appealable final determination under 42 U.S.C. § 1395oo(a)(1)(A)(ii), which affords the right to appeal where a provider is "dissatisfied with a final determination of the Secretary as to the amount of the payment under subsection . . . (d) of section 1395ww."  The Secretary has determined that part C days will be included as part A-entitled days in the SSI fraction and excluded from the Medicaid fraction of hospitals' DSH calculations under section 1395ww(d)(5)(F) of the statute retroactively for periods prior to October 1, 2013, 88 Fed. Reg. at 37,792, including the plaintiff hospital's 2008 cost reporting period at issue here. CMS's June 9, 2023, *Federal Register* publication states that it is the agency's "final action" on

7

remand following *Azar v. Allina Health Servs.*, 139 S. Ct. 1804 (2019), *aff'g*, 863 F.3d 937 (D.C. Cir. 2017) ("*Allina II*"), no fewer than 46 times, *see* 88 Fed. Reg. at 37,772–93, and governs DSH payments for the cost year at issue, *see id.* at 37,792. The plaintiff hospital clearly has a right to appeal this final determination under 42 U.S.C. § 1395oo(a)(1)(A)(ii).

27. Further, the Board's jurisdictional decision is invalid because it incorrectly concludes that even if the June 9, 2023, "final action" was appealable as a "final determination," under 42 U.S.C. § 1395oo(a)(1)(A)(ii), the plaintiff hospital's appeal failed to meet the content requirements under 42 C.F.R. § 405.1835(b)(1)-(3) to "Demonstrate that the Final Rule Was Applicable to It." Exhibit A at 19. The Board stated that the appeal record lacked the original NPR for the plaintiff hospital's 2008 cost year, and "without having the NPR or any additional documentation . . . the Board cannot confirm that the June 9, 2023, Final Rule is, in fact, applicable to Tampa's FY 2008." But, as the plaintiff hospital's appeal request made clear, and as reiterated above, the plaintiff hospital is not appealing from a contractor determined NPR, but from the final determination of the Secretary in the June 9, 2023 "final action." The plaintiff hospital identified the period under appeal and the date of the final determination, included the pages of the Federal Register reflecting the Secretary's final determination at issue and a financial impact statement, and timely filed within 180 days after the date of the Secretary's final determination, satisfying the requirements of 42 C.F.R. § 405.1835(b), PRRB Rule 7.1.1 and PRRB Rule 7.1.2.3. And because the "final action" reflects the Secretary's final determination that part C days will be included in the SSI fraction and excluded from the Medicaid fraction of hospitals' DSH calculations under section 1395ww(d)(5)(F) of the statute retroactively for periods prior to October 1, 2013, 88 Fed. Reg. at 37,792, the final determination clearly applies to the plaintiff hospital's 2008 cost reporting

period at issue here. Accordingly, the plaintiff hospital met the requirements to establish jurisdiction over its appeal, and the PRRB decision dismissing the appeal is invalid.

### REQUEST FOR RELIEF

28. The plaintiff hospital requests an Order:

a. declaring invalid and setting aside the Board's final decision dismissing for lack of jurisdiction the plaintiff hospital's appeal from the Secretary's final determination in the June 9, 2023, final rule;

b. requiring the agency to pay legal fees and cost of suit incurred by the plaintiff hospital; and

c. providing such other relief as the Court may consider appropriate.

Respectfully submitted,

*/s/ Stephanie A. Webster*
Stephanie A. Webster
D.C. Bar No. 479524
ROPES & GRAY LLP
2099 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Phone: (202) 508-4859
stephanie.webster@ropesgray.com

*Counsel for Plaintiff*

Dated: March 26, 2024